**Shelton DANIELS, Petitioner–Appellee,**

v.

**Ernie ROE, Warden, California State Prison at Lancaster, Respondent–Appellant.**

**No. 02–55328.**

**D.C. No. CV–00–00807–VAP.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted on Dec. 2, 2002.

Decided Dec. 20, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

The State appeals the conditional grant of habeas corpus to petitioner Shelton

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

Daniels, whose retrial has been stayed during the pendency of this appeal. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and affirm.

During jury selection in Daniels's state court trial for transportation of a controlled substance, the State exercised a peremptory challenge to excuse an African–American juror, Juror M. Daniels's counsel then moved for a mistrial under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and *People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978). Following considerable colloquy, the trial judge denied Daniels's motion on the ground that *Batson* and *Wheeler* require a pattern of systematic exclusion and a pattern requires the use of more than one peremptory challenge.

The California Court of Appeal found the trial court had erred as a matter of law by ruling that a defendant cannot make a *prima facie* case based on only one peremptory challenge. *People v. Montiel*, 5 Cal.4th 877, 21 Cal.Rptr.2d 705, 855 P.2d 1277 (1993). It nevertheless affirmed the trial court, holding first that a *prima facie* case under *Wheeler* requires defendant to "show a strong likelihood that the persons being challenged are being challenged because of their group association." It then determined, after an independent review of the record on voir dire, that Daniels had failed to make a *prima facie* case because "overt religiousness" was a ground fact-specific to Juror M, distinct from race or religious affiliation and, hence, an acceptable ground on which the prosecutor might reasonably have challenged Juror M.

In *Wade v. Terhune*, 202 F.3d 1190 (9th Cir.2000), we held that California courts following the "strong likelihood" language of *Wheeler* are not applying the correct legal standard for a *prima facie* case under *Batson*. *Wade*, 202 F.3d at 1197.[1] By applying the "strong likelihood" standard of *Wheeler*, the Court of Appeal impermissibly required Daniels to meet a more stringent burden than the "inference" of racial discrimination standard under *Batson*. Its decision thus involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). Where a state court applies the incorrect legal standard, we do not defer to its determination that a defendant has failed to establish a *prima facie* case of bias. Our review of the *Batson* claim is therefore *de novo*. *Wade*, 202 F.3d at 1195, 1197.

The Court of Appeal reasoned that overt or hyper-religiousness could translate into the juror being unwilling to sit in judgment of another person. The record, which shows that Juror M had previously sat on a jury that convicted a defendant of murder, refutes this rationale. Moreover, Juror M testified on voir dire that he would have no trouble evaluating the credibility of law enforcement officers and applying the presumption of innocence, that he was regularly employed by a bank, and that the extent of his religious activity was teaching bible school on Wednesday nights, for which he prepared lesson plans. Furthermore Juror M's religious characteristics were comparable to Juror L's, who worked in a church bookstore, was not an African–American, but was not challenged. The *Batson prima facie* case requirement "is not onerous." *Wade*, 202

1. The California Supreme Court has since clarified in *People v. Box*, 23 Cal.4th 1153, 99 Cal.Rptr.2d 69, 5 P.3d 130 (2000), *cert. denied*, 532 U.S. 963, 121 S.Ct. 1497, 149 L.Ed.2d 383 (2001), "a 'strong likelihood' means a 'reasonable inference.'" *Id.* at 1188, 99 Cal.Rptr.2d 69, 5 P.3d 130 (citing *Wade*, 202 F.3d at 1196, and applying the "strong likelihood or reasonable inference" test).

F.3d at 1197. We think this evidence was sufficient to raise a reasonable inference that Juror M was struck on account of his race and that the Court of Appeal's decision was thus based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).[2]

AFFIRMED.

2. Having found that Daniels had failed to make a *prima facie* case, the Court of Appeal never reached the second and third steps in the *Batson* analysis, whether the prosecutor had articulated a facially race-neutral explanation for the challenge, and whether defendant had established purposeful discrimination. *Batson,* 476 U.S. 94, 97–98, 106 S.Ct. 1712. Those issues therefore are not before us.

